UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA,
TAMPA DIVISION

**RANELL K. GROSSMAN,**              Case No. : : -cv-

**Plaintiff,**

v.

**AIR METHODS CORP.,**

**Defendant.**

_____/

**PLAINTIFF RANELL K. GROSSMAN'S COMPLAINT**

Plaintiff, Ranell K. Grossman, by and through her undersigned counsel, files this, her complaint against Defendant, Air Methods Corp., (hereinafter, "Defendant"), an employer as defined in the state of Florida, and states as follows in support thereof:

**NATURE OF THE ACTION**

1. This is a proceeding for damages and injunctive relief to redress the deprivation of rights secured to Plaintiff by the Civil Rights Act of 1964 42 U.S.C. 2000e et seq. with regard to her gender and the ADA Amendments Act of 2008 42 U.S.C. ch. 126 § 12101 et seq.

**PARTIES**

2. Ranell Grossman is an individual currently residing in Wrangell, Alaska. She is a citizen of the United States and a resident of the state of Alaska. Plaintiff is a person entitled to protection pursuant to the provisions of the Civil Rights Act of 1964 42 U.S.C. 2000e et seq.

3. During all relevant times, Plaintiff was an employee of Defendant.

4. Defendant is a business with an air ambulance company located in North Port, Sarasota County, Florida and headquartered in Colorado.

5. At all times relevant to the allegations in this Complaint, Defendant operated from a facility in North Port, Sarasota County, Florida.

6. The facility is named Air Methods Corp.

7. At all relevant times, Defendant employed more than 15 people. Defendant was the employer of Plaintiff at all times relevant to this action.

## JURISDICTION

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this matter involves a federal question based upon the 29 U.S.C. §§ 621 et seq. This Honorable Court has jurisdiction over this matter as this case arises under the equal protection clause of the Fourteenth Amendment to the United States Constitution and poses a question of federal law.

9. The Tampa District Court is the proper venue for this action pursuant to 28 U.S.C. §1391 (b)(l) and (b)(2) because this is the District and Division in which a substantial part of the events or omissions giving rise to the claims occurred.

## VENUE

10. The unlawful employment practices alleged below were within the state of Florida, in Sarasota. Accordingly, venue lies in the United States District Court for

the Middle District of Florida, Tampa Division under 29 U.S.C. § 1391(b) and 28 U.S.C. § 1391(a).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff timely filed this action, as was her right, after receiving a written notice of right to sue from the U.S. Equal Employment Opportunity Commission, Tampa office. A copy of said decision is attached hereto and marked Exhibit "A." Said Exhibit "A" is incorporated herein as though set forth in full. Plaintiff regrets said EEOC has failed to effect voluntary compliance with the requirements of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 20003 et seq. on the part of said Defendant. A charge of discrimination day 181 post filing is treated by the courts as having a reasonable cause finding, *even if* Florida Commission on Human Relations eventually finds no cause (See § 760.11(8), Florida Statutes). "A claimant should not be penalized for attempting to allow a government agency to do its job." *Joshua v. City of Gainesville*, 768 So. 2d. 432 (Fla. 2000).

## STATEMENT OF FACTS

12. Plaintiff Ranell K. Grossman worked in North Port, Sarasota County, FL for Defendant as an air flight nurse for four and one-half years.

13. She has 15 years of experience as a registered nurse.

14. A high-profile incident occurred where a young woman stabbed a man who was attacking her.

15. The attacker ended up being flown aboard Ms. Grossman's aircraft.

16. He expired after reaching the hospital via a flight on said aircraft.

17. As part of the standard post-event training protocol, Ms. Grossman asked about training, what happened and to review the reports relating to the incident.

18. She was fired. Her previous performance reviews were good.

19. She had no prior warnings as was given no explanation.

20. She was discriminated against in violation of the Civil Rights Act of 1964, based on her gender.

21. No reason was ever given by her employer for its behavior.

22. As flight nurse she had the right to see the patient code summary, etc.

23. Her male flight nurse partner was not even disciplined for this episode while Ms. Grossman was put on administrative leave and then terminated shortly after.

24. Nurses are equally responsible for their work in a manner similar to doctors.

25. It appears the doctor in question from this patient has changed his guidelines for air flight crews since this incident. A problematic pattern in the guidelines with several patients was discovered.

26. Ms. Grossman's partner was not told they did anything wrong or outside the guidelines in a conference after her termination.

27. At the time she was fired, Ms. Grossman had just been approved for a promotion to relocate with the company in the Western U.S.

28. She was discriminated against in violation of the Civil Rights Act of 1964, based on her gender.

29. No reason was ever given by her employer for its behavior or reasons given were a pretext.

30. She was told there was a customer complaint (later found to be invalid).

31. Ms. Grossman was the top employee in rsq911 compliments in the Bay Flight fleet.

32. Retaliation occurred after she inquired about the incident.

33. Ms. Grossman has received strong letters of recommendation from at least six colleagues in the field, several male.

## STATEMENT OF CLAIMS COUNT I: RETALIATION

34. Plaintiff realleges and incorporates in this Count I Paragraphs 12 through 33.

35. This is a cause of action for retaliation under the Civil Rights Act of 1964 42 U.S.C. 2000e et seq.

36. Plaintiff engaged in statutorily protected activities as part of the standard post-event training protocol, Ms. Grossman asked about training, what happened and to review the reports relating to the incident.

37. She suffered adverse employment actions.

38. The causal link between these events is demonstrated, at least in part, by the close proximity in time between events.

39. But-for the discrimination and retaliation by the Defendant's agents toward Plaintiff, she would be employed by Defendant.

40. Defendant's refusal to accommodate Plaintiff to her proper position was in retaliation against Plaintiff.

## STATEMENT OF CLAIMS COUNT II: RETALIATION

41. Plaintiff realleges and incorporates in this Count I Paragraphs 12 through 33.

42. This is a cause of action for retaliation in violation of the laws of the state of Florida, Florida Civil Rights Act, Florida Statutes § 760 et seq., justifying an award, inter alia, of back pay, front pay, interest benefits, special damages, compensatory and punitive damages against said Defendant.

43. Plaintiff engaged in statutorily protected activities as part of the standard post-event training protocol, Ms. Grossman asked about training, what happened and to review the reports relating to the incident.

44. She suffered adverse employment actions.

45. The causal link between these events is demonstrated, at least in part, by the close proximity in time between events.

46. But-for the discrimination and retaliation by the Defendant's agents toward Plaintiff, she would be employed by Defendant.

47. Defendant's refusal to accommodate Plaintiff to her proper position was in retaliation against Plaintiff.

## COUNT III: SEX DISCRIMINATION

48. Plaintiff restates, realleges, revers and hereby incorporates by reference any and all allegations of paragraphs 12 through 33, inclusive, herein.

49. Plaintiff alleges that Defendant unlawfully and discriminatorily constructively terminated Plaintiff's employment on account of her sex, female, in violation of the laws of the state of Florida, Florida Civil Rights Act, Florida Statutes § 760 et seq., justifying an award, inter alia, of back pay, front pay, interest benefits, special damages, compensatory and punitive damages against said Defendant.

## COUNT IV: SEX DISCRIMINATION

50. Plaintiff reavers and incorporates by reference all of the allegations set forth in paragraphs 12 through 33 herein.

51. Plaintiff's sex (female) was a determining factor in Defendant's decision to constructively terminate her.

52. Defendant knowingly and willfully discriminated against Plaintiff on the basis of her sex (female) in violation of the Civil Rights Act of 1964. In addition, she avers that Defendant's unlawful and discriminatory constructive termination of her employment on account of her gender violates the provisions of the Civil Rights

Act of 1964, as amended, 42 U.S.C. § 20003 et seq., justifying an award, inter alia, of backpay, front pay, benefits and compensatory and liquidated damages against Defendant.

## DAMAGES

53. As a direct and proximate consequence of Defendant's unlawful and discriminatory employment policies and practices, Plaintiff has suffered a loss of income, including, but not limited to, past and future wages, benefits, expenses, payment for insurance and various other expenses, pain and suffering, compensatory damages and punitive damages, all to be specified at trial.

## INJUNCTIVE RELIEF

54. Plaintiff restates, realleges, reavers and hereby incorporates by reference any and all allegations of paragraphs 12 through 33, inclusive, herein. In addition, Plaintiff alleges that Defendant's discriminatory actions herein must be enjoined by this Court in order to force Defendant to comply with law. It is suggested that the injunction be specific in enjoining Defendant and its employees, agents and representatives.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully prays for judgment against Defendant as follows:

For a money judgment representing compensatory damages, including, lost wages, past and future wages, all other sums of money, including any and all benefits

and any other employment benefits together with interest on said amounts, in addition to tort damages;

For a money judgment representing punitive damages for Defendant's willful violations of law; liquidated (compensatory) damages pursuant to 29 U.S.C. §626(b);

For a money judgment representing prejudgment interest, if applicable;

Reinstatement and restoration of benefits upon conditions that Plaintiff and supervisors be enjoined to comply with the law.

That this Court retain jurisdiction over this action until Defendant has fully complied with the orders of this Court, and that this Court require defendant to file any and all reports necessary and to supervise compliance with law that any and all matters related hereto be done in conformance with the applicable provisions;

For lost monies and damages pertaining to out-of-pocket expenses, especially related to, but not limited to, medical expenses, and loss of retirement benefits;

For suit costs, including an award for reasonable attorney's fees, expert fees; and for such other and further relief as may be just and proper.

## **JURY DEMAND**

Plaintiff herein demands a trial by jury of all issues in this Action pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated this 26th day of September, 2019.

*/s/ Kevin F. Sanderson*

_____

Kevin F. Sanderson, Esq.
Florida Bar No. 0598488
Kevin F. Sanderson, Chartered
7717 Holiday Drive
Sarasota, Florida 34321
Tel: (941) 444-1548
Fax: (941) 924-0086
kevin@srqattorney.com
Trial Attorney for Plaintiff