UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RANELL K. GROSSMAN,

    Plaintiff,

v.                          Case No. 8:19-cv-2399-T-33JSS

AIR METHODS CORPORATION,

    Defendant.
_____/

**ORDER**

This matter is before the Court on consideration of Defendant Air Methods Corporation's Motion to Dismiss Counts I and II of the Complaint (Doc. # 9), filed on November 26, 2019. Plaintiff Ranell K. Grossman filed a response in opposition on January 2, 2020. (Doc. # 20). For the reasons explained below, the Motion is granted.

**I.    Background**

On September 26, 2019, Grossman initiated this employment discrimination lawsuit against her former employer, Air Methods Corporation. (Doc. # 1). According to Grossman, Air Methods is an air ambulance company that operates from a facility in Sarasota County, Florida. (Id. at 2). Phillips worked for Air Methods for almost five years as an air flight nurse. (Id. at 3).

1

Grossman alleges that, after a "high-profile incident" in which a young woman stabbed a man who was attacking her, the attacker was flown to the hospital aboard Grossman's aircraft. (Id. at 3). The attacker died at the hospital. (Id. at 4). According to Grossman, after the incident, she asked about "training, what happened and to review the reports relating to the incident." (Id.). Grossman was then fired without any prior warnings or an explanation about why she was fired. (Id.).

Instead, Grossman alleges that she was discriminated against because of her gender. (Id.). She points out that a male nurse, her partner on the flight, was not disciplined for this episode, while Grossman was put on administrative leave and then fired shortly thereafter. (Id.). Grossman alleges that her partner was told, during a conference after her termination, that "they did nothing wrong or outside [of] the guidelines." (Id.).

According to Grossman, she had strong performance reviews prior to this incident and had been approved for a promotion at the time she was fired. (Id. at 4-5). Grossman was told there was a customer complaint, later found to be invalid, and so she alleges that any given reason for her termination was entirely pretextual. (Id. at 5).

Based on these allegations, Grossman brings four causes of action: (1) retaliation in violation of Title VII (Count I); (2) retaliation under the Florida Civil Rights Act ("FCRA") (Count II); (3) sex discrimination under the FCRA (Count III); and (4) sex discrimination under Title VII (Count IV). (Id. at 5-8).

Grossman attached to her complaint a Notice of Right to Sue issued by the Equal Employment Opportunity Commission (EEOC) on June 25, 2019. (Doc. # 1-2 at 1). In her underlying charge of discrimination, Grossman alleged discrimination based on her sex and retaliation. (Id. at 2). Grossman's allegations to the EEOC are substantially identical to the allegations contained in her complaint. (Id. at 3).

Air Methods has now moved to dismiss Counts I and II, the retaliation claims, under Federal Rule of Civil Procedure 12(b)(6). (Doc. # 9). Grossman has responded, and the Motion is ripe for review.

## II. Legal Authority

When considering a motion to dismiss brought under Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the

plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court must limit its consideration to well-pled factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

### III. **Analysis**

Air Methods argues that Grossman's retaliation claims must be dismissed because Grossman has not sufficiently pled

4

that she engaged in statutorily protected activity. (Doc. # 9 at 3). What's more, Air Methods argues that Grossman cannot re-plead her claims because she never stated in her EEOC charge that she engaged in statutorily protected activity. (Id. at 4). Grossman counters that this is an evidentiary issue and that she "may have been investigating if there were unlawful employment practices in asking for the materials related to the incident with the patient." (Doc. # 20 at 1).

**A.   The Retaliation Claims**

To establish a prima facie case for retaliation under Title VII, a plaintiff must show that: (1) she engaged in statutorily protected activity, (2) she suffered a materially adverse action, and (3) there was a causal connection between the protected activity and the materially adverse action. Howard v. Walgreen Co., 605 F.3d 1239, 1244 (11th Cir. 2010). Claims for retaliation under the FCRA are analyzed under the same legal framework as Title VII retaliation claims. Gamboa v. Am. Airlines, 170 F. App'x 610, 612 (11th Cir. 2006).

Title VII prohibits retaliation when an employee "oppos[es] any practice made an unlawful employment practice by [Title VII]" or "has made a charge, testified, assisted, or participated in any manner in an investigation,

proceeding, or hearing."[1] Howard, 605 F.3d at 1244 (citing 42 U.S.C. § 2000e-3(a)). According to the Supreme Court, Title VII's use of the word "oppose" should be given its dictionary definition: to "resist or antagonize . . .; to contend against; to confront; resist; withstand." Crawford v. Metro. Gov't of Nashville & Davidson Cty., Tenn., 555 U.S. 271, 276 (2009). "When an employee communicates to her employer a belief that the employer has engaged in . . . a form of employment discrimination, that communication virtually always 'constitutes the employee's opposition to the activity.'" Id. (internal quotation marks omitted). As the Eleventh Circuit has noted, "to engage in protected activity, the employee must . . . at the very least, communicate her belief that discrimination is occurring to the employer, and cannot rely on the employer to infer that discrimination has occurred." Demers v. Adams Homes of Nw. Fla., Inc., 321 F. App'x 847, 852 (11th Cir. 2009) (internal quotations omitted).

---

[1] Here, Grossman is likely moving under Title VII's opposition clause, as her EEOC charge was filed after she was fired and her complaint is devoid of any allegation that she testified, assisted, or participated in any investigation or other proceeding.

6

Thus, Title VII's retaliation provision contemplates that there will be some sort of communication between the employee and employer where the employee expresses their opposition to perceived discrimination. For example, in the EEOC's written guidance on "Examples of Opposition" in retaliation cases, the agency lists the following examples:

> complaining or threatening to complain about alleged discrimination against oneself or others; providing information in an employer's internal investigation of an EEO matter; refusing to obey an order reasonably believed to be discriminatory; advising an employer on EEO compliance; resisting sexual advances or intervening to protect others; passive resistance (allowing others to express opposition); and requesting reasonable accommodation for disability or religion.

See EEOC Enforcement Guidance on Retaliation and Related Issues, available at https://www.eeoc.gov/laws/guidance/-retaliation-guidance.cfm.

Here, the Court cannot discern any communication from Grossman to Air Methods in which Grossman was expressing her opposition or resistance to perceived discrimination on the part of Air Methods. According to the complaint, Grossman was a flight nurse aboard a flight that took a gravely injured man to the hospital, and the man died after reaching the hospital. (Doc. # 1 at 3-4). The complaint alleges that Grossman thereafter "engaged in statutorily protected

7

activities as part of the standard post-event training protocol, . . . asked about training, what happened and to review the reports relating to the incident." (Id. at 5, 6).

What is missing from these allegations, however, is any indication that Grossman's request for this training, information, and reports had anything to do with discrimination of any kind or was a communication in which Grossman was expressing her opposition to a discriminatory act or practice. See, e.g., Connelly v. Lane Constr. Corp., 809 F.3d 780, 792 n.10 (3d Cir. 2016) (determining that employee's complaints that implicated only safety issues were not protected activity for purposes of her retaliation claim). Absent this key component, Grossman has not alleged enough facts to allow for recovery under a theory of retaliation. Therefore, Grossman has not satisfied Rule 8's plausibility requirement for retaliation under Title VII and the FCRA, and her retaliation claims must be dismissed.

Air Methods moves this Court to dismiss Grossman's retaliation claims with prejudice. The Court declines to do so, for the reasons explained below. The Court does not believe that amendment would be futile at this juncture and will allow Grossman an opportunity to file an amended complaint.

**B.   The EEOC Charge**

Air Methods would have this Court dismiss Grossman's retaliation claims with prejudice because she failed to allege that she engaged in a statutorily protected activity in her EEOC charge.[2]

Before filing suit under Title VII, a plaintiff must exhaust her administrative remedies by filing a charge with the EEOC. Anderson v. Embarq / Sprint, 379 F. App'x 924, 926 (11th Cir. 2010) (citing 42 U.S.C. § 2000e-5(e)(1)). "The starting point of ascertaining the permissible scope of a judicial complaint alleging employment discrimination is the administrative charge and investigation." Id. A plaintiff's complaint is limited by the "scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Alexander v. Fulton Cty., Ga., 207 F.3d

---

[2] The Court's consideration of the EEOC documents attached to Grossman's complaint do not convert the motion to dismiss into one for summary judgment because the Court considers these EEOC documents central to the complaint and their authenticity has not been questioned. See, e.g., Arnold v. United Parcel Serv., Inc., No. 7:11-cv-118 HL, 2012 WL 1035441, at *1 (M.D. Ga. Mar. 27, 2012) ("Here, the EEOC Charge is central to the complaint because the underlying allegations are violations of Title VII discrimination. Additionally, the contents of the EEOC Charge are not in dispute by either party . . . . Therefore, the Court will consider Plaintiff's EEOC Charge in ruling on Defendant's Motion to Dismiss.").

1303, 1332 (11th Cir. 2000); see also Sanchez v. Standard Brands, Inc., 431 F.2d 455, 460 (5th Cir. 1970) (noting that the allegations in a complaint filed pursuant to Title VII may encompass any kind of discrimination like or related to the allegations contained in the charge).

Therefore, claims – even new claims – are allowed if they "amplify, clarify, or more clearly focus the allegations in the EEOC complaint." Anderson, 379 F. App'x at 926. Conversely, "allegations of new acts of discrimination are inappropriate." Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1279-80 (11th Cir. 2004). Nonetheless, courts are "extremely reluctant to allow procedural technicalities to bar claims brought under [Title VII]." Sanchez, 431 F.2d at 460-61. As such, "the scope of an EEOC complaint should not be strictly interpreted." Id. at 465.

Here, Grossman brought her EEOC charge on claims of retaliation and gender discrimination, precisely the same claims she brought in her complaint. Being allowed the chance to amend her complaint to add additional factual allegations to support the elements of her retaliation claim will serve only to clarify or amplify the allegations made in her EEOC charge. See Anderson, 379 F. App'x at 926. Thus, the Court will not dismiss these counts with prejudice.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Defendant Air Methods Corporation's Motion to Dismiss Counts I and II of the Complaint (Doc. # 9) is **GRANTED**. Counts I and II are dismissed without prejudice.

(2) If Plaintiff wishes to amend these claims, she should file an amended complaint within 14 days of the date of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>30th</u> day of January, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE